UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 10-63-GWU

ROBERT BROWN, PLAINTIFF,

VS. **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

Robert Brown brought this action to obtain judicial review of an unfavorable administrative decision on his application for Disability Insurance Benefits. The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation process in assessing whether a claimant is disabled.

1. Is the claimant currently engaged in substantial gainful activity? If so, the claimant is not disabled and the claim is denied.

2. If the claimant is not currently engaged in substantial gainful activity, does he have any "severe" impairment or combination of impairments--i.e., any impairments significantly limiting his physical or mental ability to do basic work activities? If not, a finding of non-disability is made and the claim is denied.

3. The third step requires the Commissioner to determine whether the claimant's severe impairment(s) or combination of impairments meets or equals in severity an impairment listed

1

    in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of Impairments).  If so, disability is conclusively presumed and benefits are awarded.

 4. At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work.  If so, the claimant is not disabled and the claim is denied.  If the plaintiff carries this burden, a prima facie case of disability is established.

 5. If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997).

  Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner, 745 F.2d at 387.

One of the issues with the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step four refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform,

then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. § 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental

contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Brown, a 40-year-old former brick layer and escort driver with a "limited" education, suffered from impairments related to chronic low back pain (being status post surgery in 2004 and 2006), a major depressive disorder, a panic disorder, and a history of alcohol abuse in remission. (Tr. 12, 16). While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work. (Tr. 13, 16). Since the

available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 16-17). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Tr. 17).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert Martha Goss included an exertional limitation to light level work, restricted from a full range by such non–exertional restrictions as (1) a limitation to routine, repetitive one to three-step tasks with only occasional interaction with the supervisors and co-workers; (2) an inability to ever interact with the general public; and (3) a limitation to object-focused tasks in low stress environments. (Tr. 45). In response, the witness identified a significant number of jobs in the national economy which could still be performed. (Id.). Therefore, assuming that the vocational factors considered by Goss fairly characterized Brown's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

With regard to the framing of the physical factors of the hypothetical question, the undersigned finds no error. Dr. Amr El-Naggar, a treating source, opined that Brown would be limited from lifting more than 20 pounds. (Tr. 256).

The ALJ's findings were compatible with this opinion. Dr. Carlos Hernandez (Tr. 268-275) and Dr. Amanda Lange (Tr. 301-308), the non-examining medical reviewers, each opined that the plaintiff would be restricted to light level work, limited from a full range by an inability to more than occasionally stoop or climb ladders, ropes or scaffolds. These postural limitations were not presented to the vocational expert. The ALJ was free to give more weight to the treating source rather than the non-examining reviewers under the federal regulations. 20 C.F.R. § 404.1527(d)(2). More severe physical restrictions than those found by the ALJ were not identified by such treating and examining sources as the staff at St. Joseph Hospital (Tr. 212-218, 453-608), Dr. Steven Kiefer (Tr. 235-255), Dr. Karen Saylor (Tr. 347-398), the staff at the Rockcastle Clinic (Tr. 417-420), and the staff at Berea Health Ministries (Tr. 421-452). These opinions provide support for the administrative denial decision.

Ginger Cash (Tr. 610) and Debra Brock (Tr. 612) each identified a number of physical restrictions which would preclude performance of even sedentary level work on Physical Capacities Evaluation Forms. The ALJ noted these opinions but rejected them as binding. (Tr. 16). The ALJ indicated that these opinions were outweighed by that of Dr. El-Naggar who was a treating neurosurgeon. (Id.). Cash and Brock were nurse-practitioners rather than licensed medical doctors. Under the federal regulations, a nurse-practitioner is not an "acceptable medical source"

8

whose opinion would be binding on the administration.  20 C.F.R. § 404.1513. Therefore, these opinions were properly disregarded by the ALJ.

With regard to the framing of the mental factors of the hypothetical question, the undersigned finds no error.  Psychologist Christi Hundley examined Brown and diagnosed a major depressive disorder, a panic disorder with agoraphobia, and a history of alcohol abuse in full remission.  (Tr. 282).  Hundley rated the plaintiff's Global Assessment of Functioning (GAF) at 64.  (Id.).  Such a GAF suggests the existence of only "mild" psychological symptoms according to the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders (4th Ed.--Text Revision), p. 34.  The examiner indicated that there was no mental health reason that the claimant could not be employed. (Id.).  The mental limitations found by the ALJ were compatible with this opinion.

Psychologist Edward Stodola reviewed the record and opined that Brown would be "moderately limited" in such areas as maintaining attention and concentration for extended time periods, working in coordination or proximity to others without being distracted, interacting appropriately with the general public and responding appropriately to changes in the work setting. (Tr. 297-298).  The mental factors of the hypothetical question were essentially consistent with these limitations with the exception of the restriction concerning attention and concentration. Stodola's opinion would be outweighed by that of Hundley, the treating source, who

found that the plaintiff did not suffer from vocationally significant mental limitations. The claimant has also not raised the omission of this factor from the hypothetical question as an issue.  Therefore, the court finds no error.

Brown's treating mental health sources at Family Life Counseling (Tr. 309-346) and Bluegrass Mental Health (Tr. 399-416) did not identify the existence of more severe mental problems than those found by the ALJ.  The plaintiff asserts that the ALJ erred by failing to credit the opinion of his longtime treating psychiatrist. Plaintiff's Motion for Summary Judgment, Docket Entry No. 9, p. 3.  The claimant did not identify the psychiatrist but cites page 132 in support of this argument that the opinion of a treating source was ignored.  However, this page is not part of an exhibit from a mental health professional but is part of the claimant's Computational Earnings statement.  (Tr. 132-140).  Therefore, the court finds no error.

Brown argues that the ALJ erred by failing to consider the combination of his impairments.   However, the only evidence cited by the plaintiff in support of this argument is the Physical Capacities Assessments provided by the nurse-practitioners. Plaintiff's Motion for Summary Judgment, Docket Entry No. 9, p. 4. The court has already found that the ALJ properly rejected these opinions as binding.  Since the hypothetical factors were found to have fairly characterized the claimant's condition, the ALJ implicitly considered the combined effect of the plaintiff's impairments.   Therefore, the undersigned must reject Brown's argument.

Brown asserts that his medical problems would prevent him from maintaining employment and, so, he could not meet the durational requirements for substantial gainful activity.  The plaintiff cites the Ninth Circuit Court of Appeals case of <u>Gatliff v. Commissioner of Social Security</u>, 172 F.3d 690 (9th Cir. 1999).  However, in <u>Gatliff</u>, the record contained considerable evidence that the claimant would not be able to maintain employment more than a couple of months and the ALJ had even acknowledged this fact.  <u>Gatliff</u>, 172 F.3d at 692.  In the present action, Brown has not identified similar evidence suggesting that he would not be able to maintain employment.  Therefore, the court must reject the plaintiff's argument.

Finally, Brown argues that the ALJ did not properly evaluate his subjective pain complaints.  Pain complaints are to be evaluated under the standards announced in <u>Duncan v. Secretary of Health and Human Services</u>, 801 F.2d 847, 853 (6th Cir. 1986): there must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from the condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.

In the present action, Brown was found to be suffering from a potentially painful condition.  However, even if he could be found to have satisfied the first prong of the so-called <u>Duncan</u> test, the claimant does not meet either of the

alternative second prongs.  As noted by the ALJ (Tr. 15), Dr. El-Naggar found that the plaintiff was doing well after surgery in January of 2007 and he denied leg pain (Tr. 256).  In October of 2008, the staff at St. Joseph Hospital found no tenderness or spasm in the lumbar spine, noted that reflexes were normal and sensory and motor function intact.  (Tr. 510).  This was another factor noted by the ALJ in his credibility assessment.  (Tr. 15).  The ALJ noted testimony from the plaintiff that a neighbor paid his rent and power bills in exchange for things he does for her.  (Tr. 15, 37).  This testimony also indicates the claimant is not so impaired mentally and physically to be unable to work.  Despite the mental stress of a divorce, Brown testified to having found a new girlfriend. (Tr. 15, 38).  Under these circumstances, the court finds no error with the ALJ's credibility assessment.

The undersigned concludes that the administrative decision should be affirmed.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 27th day of October, 2010.

Signed By:
**G. Wix Unthank**
**United States Senior Judge**